SARAH W. BOARDMAN *vs.* ABRAHAM JACKSON & others.

Suffolk. Nov. 18. — 19, 1875. WELLS & COLT, JJ., absent.

If a person forges a deed of land to himself without the knowledge or consent of the owner, and fraudulently procures an acknowledgment of the deed by some other person, and then leases and afterwards sells the land, the owner has a plain, adequate and complete remedy at law, and cannot maintain a bill in equity against the person executing the deed, the assignee of the lessee, and the purchaser, to cancel the deeds and lease.

BILL IN EQUITY filed June 16, 1875, against Abraham Jackson, William M. Byrnes, and Ella S. Cahoon, alleging the following facts:

On March 27, 1873, the plaintiff was seised in fee simple of a certain parcel of land, with the dwelling-house thereon, situated on Ashland Street, in Boston. On that day, the defendant Jackson, intending and contriving to cheat and defraud the plaintiff of her said estate, fraudulently made or caused to be made a deed thereof to himself, with full covenants of warranty, and forged or caused to be forged thereto the name of the plaintiff as the grantor therein, and fraudulently procured the same to be acknowledged by some person other than the plaintiff; and in furtherance of this fraudulent purpose, on August 7, 1874, caused the said deed to be put on record with Suffolk deeds. Jackson, in furtherance of the purpose to injure and defraud the plaintiff in the premises, for the nominal consideration of $10,000, on March 31, 1873, executed and acknowledged a deed of release of the said land and buildings to the defendant Byrnes, which deed of release was, on April 14, 1875, recorded with Suffolk deeds. The deed to Jackson was a forgery, and was made, executed, acknowledged and recorded without the plaintiff's knowledge, signature or consent, and the deed to Byrnes was likewise without her knowledge or

consent. The plaintiff immediately upon hearing of the record of the deeds, to wit, on or about June 8, caused a caveat to be put on record in said Suffolk Registry of Deeds, cautioning all persons from buying or interfering with the said estate.

The bill further alleged that Jackson, in furtherance of the said fraudulent purpose, in his own name, on or about September 1, 1873, executed a lease for a term of years of the said dwelling-house to James F. Maxwell, who, on April 31, 1875, assigned the same to the defendant Cahoon, who now holds the lease and occupies the premises, and claims to hold the same as against the plaintiff ; that the lease was likewise made in fraud of the plaintiff's rights in the premises, and without her knowledge and consent ; and the better to conceal his fraudulent purpose from the plaintiff, Jackson, notwithstanding the forgery of the deed and the execution of the lease, continued to collect and pay over the rents, or a portion thereof, of the premises to the plaintiff until April, 1875, giving her to understand and suppose all the while that he was, by parol agreement, letting the premises and managing the same for her.

The bill then alleged that the plaintiff applied to Cahoon, requesting her to pay over to her the rent of the premises, which Cahoon refused and still refuses to do; that the plaintiff fears the deeds aforesaid may be vexatiously or injuriously used against her when the evidence to impeach them is lost, and that they now throw a cloud or suspicion over her title or interest in the premises, and prevent her from the full and entire control and disposal of the same.

The. prayer of the bill was, that Jackson and Byrnes might be severally ordered to cancel the aforesaid deeds, and that the said forged and pretended deed from the plaintiff to Jackson, and the deed from Jackson to Byrnes, and the lease from Jackson to Cahoon, be severally and respectively annulled by a decree of this court ; and for general relief.

The defendant Byrnes demurred to the bill for want of equity. The case was heard by *Wells*, J., on the bill and demurrer. and reserved for the consideration of the full court.

*H. C. Hutchins*, for the defendant Byrnes.

*S. J. Thomas*, for the plaintiff, cited *Whittemore* v. *Cowell*, 7 Allen, 446 ; *Carr* v. *Silloway*, 105 Mass. 549.

GRAY, C. J. Upon the allegations of the bill, the defendants Jackson and Byrnes have no title in the premises, and the other defendant is in possession under no other title than a lease from Jackson. The plaintiff's remedy at law, by writ of entry against Jackson or Byrnes, or both of them, is therefore full, adequate and complete, and this bill cannot be maintained. *Brewer* v. *Stevens*, 13 Allen, 346. *Pratt* v. *Pond*, 5 Allen, 59. *Metcalf* v. *Cady*, 8 Allen, 587. *Bassett* v. *Brown*, 100 Mass. 355. *Suter* v. *Matthews*, 115 Mass. 253. *Swamscott Machine Co.* v. *Perry*, *ante*, 123. *Bill dismissed.*