EDSON WHITE & wife *vs.* BENJAMIN E. THAYER & others.

Hampshire.    Oct. 4. — Nov. 9, 1876.    COLT & MORTON, JJ., absent.

A bill in equity, brought by a husband and wife, alleged that the husband made a conveyance of land, with covenants of seisin and warranty, the wife joining therein, intending thereby to release only her right of dower, erroneously supposing a life estate, which she had in the land, to have been extinguished; that a grantee of the

land made a mortgage of the same with a power of sale, and it was duly sold thereunder; that the grantee, having discovered the outstanding life estate of the wife, by false representations procured from her a release of the same; and that the purchaser under the mortgage had commenced an action against the husband on his covenants. The prayer of the bill was that the release might be cancelled, and the purchaser be restrained from prosecuting his action. *Held,* on demurrer, that the bill could not be maintained.

BILL IN EQUITY, filed April 3, 1876, against Benjamin E. Thayer, Mary G. Thayer, Lucy A. Knight, and William G. Bassett, alleging the following facts:

On July 20, 1860, Edson White, being seised in fee of a certain parcel of land in Easthampton, conveyed the same with the usual covenants of warranty to one Munson. Edson White derived his title to the premises, partly by inheritance from his brother Lysander White, and partly by deed from the other heirs of Lysander, who died seised in fee of the premises. By the will of Lysander, Frances A. White, his widow, became entitled to a life estate in the premises, and afterwards married the plaintiff Edson; and, at the time of the conveyance by Edson White to Munson, Frances A. White, misunderstanding the will of Lysander, supposed that all her interest in the premises had ceased on her marriage with Edson, except her possible right of dower as his wife, and, to release that right, joined with her husband in his conveyance to Munson, and believed she had thereby released all her rights in the premises. Munson, on March 15, 1864, conveyed the premises with like covenants to Benjamin E. Thayer; and Thayer, on May 2, 1864, included the premises in a mortgage, containing a power of sale, to one Ferry, with like covenants, and on June 19, 1869, conveyed the premises in fee to one Clark, who in turn, on July 12, 1869, conveyed the premises to Mary G. Thayer, wife of Benjamin E. Pursuant to the power of sale in his mortgage, Ferry duly advertised the premises to be sold, for breach of condition thereof, and, on August 24, 1874, they were sold to the defendant Bassett, and Ferry conveyed the premises to him. After the premises were advertised, but before the sale, Benjamin E. Thayer, having discovered the outstanding life estate of Frances A. White, informed her and her husband thereof, and represented that her life interest was an incumbrance on the premises, for which Edson White was liable on his covenants to Munson.

and that it was a cloud upon the title, which must be removed, or an action would be begun. Thayer then urged Frances A. White to execute a deed of release, which he had in his possession, and falsely and fraudulently represented that he was advised by counsel that such a release would perfect the title to the premises, would not injure her or her husband, and that the release ought to be to Mary G. Thayer; and Frances A. White, relying on these false representations, on August 6, 1874, executed the deed of release, without consideration, to Mary G. Thayer. On March 23, 1875, Bassett commenced an action against Edson White for breach of warranty contained in his deed to Munson. On January 1, 1875, Mary G. Thayer released her interest in the premises to Lucy A. Knight, daughter of Benjamin E. Thayer, without consideration, and upon a secret trust for the benefit of Benjamin E. and Mary G. Thayer; and Benjamin E. retained possession of the premises.

The prayer of the bill was that the release from Frances A. White to Mary G. Thayer, and that of Mary G. Thayer to Lucy A. Knight, might be given up and cancelled; that the life interest of Frances A. White in the premises might be conveyed to some grantee of Edson White, so that he might be protected on his covenants and the title of subsequent grantees made good; that William G. Bassett might be restrained from further prosecuting his action against Edson White; and for general relief.

The defendants demurred for want of equity. The case was heard, on the bill and demurrer, by *Colt*, J., and reserved for the consideration of the full court.

*G. D. Robinson*, for the defendants.

*A. J. Fargo*, for the plaintiffs.

GRAY, C. J. Edson White shows no right to relief; and his wife, if the defendants obtained from her by fraud, as alleged in the bill, a conveyance of the life estate which she took under the will of Lysander White, her former husband, may recover it by writ of entry, and cannot therefore maintain this bill. Gen. Sts. *c.* 134, § 1. *Boardman* v. *Jackson*, 119 Mass. 161. *Lewis* v. *Cocks*, 23 Wall. 466.

*Demurrer sustained, and bill dismissed.*