JOSEPHINE E. T. ROBINSON, in equity,

*vs.*

SILAS W. ROBINSON and HATTIE R. VERRILL.

Cumberland.    Opinion February 16, 1882.

*Equity pleadings.    Bill.    Demurrer.*

A bill in equity is multifarious when it contains a claim for a deed of one defendant to replace a lost deed from him on the ground of a promise to give such a deed; and a charge against another defendant that she holds the premises under a deed fraudulent as to the complainant, or in effect a mortgage, and asking that if it be fraudulent it be decreed void and such defendant be required to release, or if given as security for advances it be decreed a mortgage, the amount due determined by the court, and such defendant be ordered to execute a release to the complainant upon payment of the amount thus determined.

A bill in equity cannot be maintained against one upon a promise to give a deed to replace a lost deed when no consideration is alleged for the promise, nor any facts alleged that would furnish ground for claiming a duty to fulfill such promise.

Where a bill charges in the alternative, that the defendant holds the title by a deed which is fraudulent, or a mortgage, and a decree is asked in the alternative, it is objectionable as a matter of pleading.

A bill cannot be maintained against a defendant who holds under a fraudulent deed when there is no allegation that the complainant is in possession. It is not the province of equity to try titles to real estate, and put one party out of possession and another in.

ON demurrer to a bill in equity.

The bill alleges that the complainant was married to the defendant Robinson, at Fitchburg, Massachusetts, September 25, 1877 ; that prior to the marriage and on the same day the defendant Robinson, for a valuable consideration made, sealed, executed, acknowledged and delivered to her a warranty deed of certain premises in Portland ; that she accepted the deed and has never parted with her right, title or interest, in any portion of the premises ; that at the request of defendant Robinson, she retained the deed in her possession without causing it to be recorded ; that the deed has been taken from her possession by some person unknown whom she believes to be the defendant Robinson, that she has been unable to find it and has repeatedly demanded of the defendant Robinson, another deed of like tenor to replace the lost deed and he promised and agreed so to do, but has neglected and now refuses so to do.

The bill also alleges that a pretended deed of said premises from defendant Robinson to defendant Verrill, purporting to have been made, &c. December 1st, 1875, was recorded April 12th, 1879.

"And your oratrix further complaining sheweth unto your honors that she is informed and believes that said pretended deed to said Hattie R. Verrill, although a warranty deed in form was made, executed and delivered, and intended by both parties thereto as security for payment of certain sums of money, before the execution thereof advanced by said Hattie R. Verrill to said Silas W. Robinson, the amounts and dates of which advances if any such were made as aforesaid, are to your oratrix unknown, or that said pretended warranty deed last mentioned was not in fact made, executed or delivered until long after the execution and delivery of first above mentioned deed, and was in fact fraudu-

lently made, sealed, executed and delivered by said Silas W. Robinson, if ever so delivered, for the purpose of enabling it to be placed upon record before said first mentioned deed, or any that might be given to supply its loss could be placed upon record, to thus enable said Hattie R. Verrill to acquire, for the benefit of said Silas W. Robinson, and herself an apparent legal title to the real estate described in said deed, in fraud of the rights of your oratrix."

"And your oratrix further sheweth unto your honors that if said pretended deed to said Hattie R. Verrill was so made as aforesaid without consideration and in fraud of the rights of your oratrix, the same is null and void and should be so decreed by this honorable court to remove an apparent cloud upon the title of your oratrix, and that if the same was made, executed and delivered, and received by the pretended grantee as security for advances, the same should, in equity and good conscience, be decreed by this honorable court to be a mortgage, so that your oratrix might pay to said Hattie R. Verrill whatever might be legally and equitably due her as such mortgagee, which your oratrix is ready and willing to do."

And praying that the defendant Robinson, be ordered to give the complainant the deed promised "and that the pretended warranty deed from said Silas W. Robinson to said Hattie R. Verrill herein before named, if made, sealed, executed and delivered and accepted fraudulently and without consideration as aforesaid, may be decreed to be null and void, and that said Hattie R. Verrill may be ordered and directed by this honorable court sitting in equity to make, seal, execute, and deliver to your oratrix a good and sufficient quitclaim deed of said real estate, or if said pretended warranty deed from said Silas W. Robinson to said Hattie R. Verrill shall be found by this honorable court to have been given and intended as security for advances as hereinbefore alleged that the same may be decreed to be a mortgage, and that the amount due thereon may be fixed and determined by the court, that she the said Hattie R. Verrill may, upon the tender from and by your oratrix of the amount so found to be due upon and on account of such advances, which amount when so deter-

mined your oratrix is ready and willing to pay, be ordered and decreed to release to your oratrix by good and sufficient deed of quitclaim all her, the said Hattie R. Verrill's right, title and interest in and to said real estate."

*Charles P. Mattocks*, for the complainant.

In *K. and P. R. R. Co.* v. *P. and K. R. R. Co.* 54 Maine, 173, this court say: "To support this objection (multifariousness) two things must concur; 'First, the different grounds of suit must be wholly distinct; secondly, each ground must be sufficient as stated to sustain a bill; if the grounds be not entirely distinct and unconnected; if they arise out of one and the same transaction, or series of transactions, forming one course of dealing all tending to one end, if one connected story can be told of the whole, the objection does not apply.'"

If the bill can be sustained against any of the defendants, those only can demur who are improperly joined. Story, Eq. Pl. § 544.

The bill relates entirely to connected matters, in every one of which Charles W. Robinson is interested and took part; hence it is not multifarious. *Weston* v. *Blake*, 61 Maine, 455, and cases there cited; Story, Eq. Pl. § 541, *a*; *Dimmock* v. *Bixby*, 37 Mass. 368; 20 Pick. 368.

It is impracticable to lay down any general rule as to what constitutes multifariousness as an abstract proposition, but such case must depend upon its own circumstances, and much must necessarily be left to the sound discretion of the court. *Warren* v. *Warren*, 56 Maine, 360; *Bugbee* v. *Sargent*, 23 Maine, 269; Story Eq. P. § 284, *a*, and cases there cited; *Varick* v. *Smith*, 5 Paige, 137; *Foss* v. *Haynes*, 31 Maine, 81; *Newland* v. *Rogers*, 3 Barb. C. R. 432. *Gaines* v. *Chew*, 2 How. 642; *Campbell* v. *Mackay*, 7 Simon, 564, and in 1 Mylne and Craig, 603.

The object of the rule against multifariousness is to protect a defendant from unnecessary expense; but it would be a great perversion of that rule if it were to impose upon the plaintiffs and all the other defendants two suits instead of one.

, There seems to be, upon the authorities, no inflexible rule established as to what constitutes multifariousness.

The general principle is that the court will not, on the one hand, encourage an unnecessary multiplicity of actions, and, on the other hand, will not allow the plaintiff to join in his bill a multiplicity of different and distinct matters so as to embarrass the defendant in his defence, or to produce a confusion, or to render the case complicated and difficult to be understood. *Robinson* v. *Guild*, 53 Mass. 323; Cooper, Eq. Pl. 182; 1 Daniel, Ch. Pr. 394.

" It is the great object of courts of equity to put an end to litigation, and to settle, if possible, in a single suit, the rights of all parties interested or affected by the subject matter in controversy." *Rowell* v. *Jewett*, 69 Maine, p. 302; 2 Story's Eq. Jur. 745, § 1526; *Attorney General* v. *The Corporation of Poole*, 4 Myle and Craig, 17, 31; Daniell's Ch. Pl. and Pr. 337; *Oliver* v. *Piatt*, 3 Howard, 333; Adams, Doctrine of Eq. 602, and cases cited; *Many* v. *Beekman Iron Co.* 9 Paige, 188.

At law, a disputed issue is alone contested, the immediate disputants alone are bound by the decision; and they alone are the proper parties to the action. In equity, a decree is asked and not a decision only, and it is, therefore, requisite that all persons should be before the court whose interests may be affected by the purposed decree or whose concurrence is necessary to a complete arrangement. Adams' Doc. of Eq. p. 607; *Bailey* v. *Myrick*, 36 Maine, 50; Story's Eq. Pl. § 72; *K. and P. R. R. Co.* v. *P. and K. R. R. Co.* 54 Maine, 184.

It is a settled principle in equity that all persons to be affected by the result of a suit must be made parties. *Pierce* v. *Faunce*, 47 Maine, 507.

*S. C. Strout, H. W. Gage and F. S. Strout*, for the defendant Verrill, cited: *Telegraph Co.* v. *Chillicother*, 7 Federal Reporter, 353; *Sawyer* v. *Noble*, 55 Maine, 228; Story's Eq. § 271; *K. and P. Railroad* v. *P. and K. R. R.* 54 Maine, 183; *Swampscot Machine Co.* v. *Perry*, 119 Mass. 123; *Boardman* v. *Jackson*, 119 Mass. 161; *White* v. *Thayer*, 121 Mass.

227; *Lewis* v. *Cocks*, 23 Wal. 469; *Pratt* v. *Pond*, 5 Allen, 59; *Woodman* v. *Saltonstall*, 7 Cush. 181; R. S., c. 90, § 13; 2 Jones on Mortgages, § 1095; *Hilton* v. *Lothrop*, 46 Maine, 297; *Bailey* v. *Myrick*, 36 Maine, 50.

DANFORTH, J. There are two distinct and separate causes of relief set out in this bill; one against each of the defendants and in which the other defendant has no interest whatever. The first sets out a conveyance from the defendant Robinson to the complainant, a loss of the deed before it was recorded and a promise on the part of Robinson to give a duplicate. On this part of the bill the decree is asked for against Robinson alone as it necessarily must be. The relief sought must be founded alone upon the alleged promise of Robinson, a contract in which the other defendant can have no interest whatever. Nor do the allegations show any liability resting upon her in regard to it, but negative any such liability. Such a duplicate deed if given would not affect her title or interest in the premises in the least degree. She is not therefore interested in the contract set out, or in the subject matter to which it refers.

The other cause of relief is a charge against the defendant Verrill in substance that she holds the premises under a deed fraudulent as to this complainant, or in effect a mortgage. The relief asked is that if the deed be fraudulent it be decreed void and Mrs. Verrill be required to release, or if given as security for advances it may be decreed a mortgage, the amount due determined by the court, and upon payment Mrs. Verrill be ordered to execute a release to the complainant.

Here the charge is against Mrs. Verrill and the relief is sought from her alone. It is true that if the deed is fraudulent the defendant Robinson may be a participator in the fraud. But if so, he can now do nothing, nor is he asked to do anything to repair the mischief. The title is what the complainant wants and that has passed from him and so far as this allegation shows is in Mrs. Verrill alone. If the deed is decreed a mortgage the result is the same. Robinson has no interest so far as this case shows in the amount which may be found due, nor is a release, or any action on his part required in relation to it. In any event

under the allegations in the bill the whole title and interest have passed from him and therefore he should not be made a party. *Bailey* v. *Myrick*, 36 Maine, 50 ; *Hilton* v. *Lothrop*, 46 Maine, 297. Thus the bill is multifarious within the principles laid down by all the authorities as shown by the cases cited in the argument upon both sides.

There are other reasons why this bill cannot be maintained. So far as it claims anything of the defendant Robinson it is upon the ground of his promise. But no consideration for any such promise is alleged, and the facts as they are set out seem to negative such consideration. From the bill we learn that he had conveyed to the complainant. Another and duplicate deed would add no strength to the title, nor was he under any legal obligation by reason of the loss to furnish another. If he were to do so it would not restore the lost deed or give to it any vitality which it does not now possess. If the object is to get it recorded, even that would not relate back, and besides, R. S. c. 73, § 25, affords abundant provision for that purpose. If he took the former deed as intimated, he would be under obligation to restore that, but he is not asked to do so, and in any event the contest as to the title is and must be between the complainant and the other defendant.

As to the other defendant there is no allegation that the complainant is in possession of the premises. If, therefore, the allegation of fraud is relied upon, the law affords a complete and adequate remedy. It is not the purpose of equity to try titles to real estate and put one party out of possession and another in. This must be done under the forms and principles of law which are sufficient for that purpose. *Lewis* v. *Cocks*, 23 Wallace, 466 ; *Boardman* v. *Jackson*, 119 Mass. 161 ; *White* v. *Thayer*, 121 Mass. 226.

The claim for a redemption as from a mortgage is undoubtedly a matter within the jurisdiction of equity. But in this case the allegations are not sufficient to maintain the bill on that ground even as against the defendant Verrill. There are in fact no allegations that her deed was taken as security. The bill says the complainant has been informed and believes that the deed

was taken as security or is fraudulent. But which? Here is statement of a charge founded only on information and belief, inconsistent with the rules of pleading, and stated in the alternative, leaving the defendant in entire uncertainty whether one, or both, and if one which is relied upon. The complainant may undoubtedly aver facts of a different nature, which will equally support his application where the title to relief will be the same in either case; or he may pray for an alternative relief depending upon the conclusion to which the court may come upon a given state of facts. But here an alternative decree is asked upon an alternative and inconsistent state of facts, not directly stated but alleged upon belief only. This, it is believed, is without authority. It is not allowable even upon a direct assertion, when that assertion is, as here, in the disjunctive form, even though one of the alternatives may be a ground of relief. Story Eq. Pl. § 42, b, and note.

*Demurrer sustained.*

Appleton, C. J., Walton, Barrows, Virgin and Symonds, JJ., concurred.