McMillen, Administrator, etc., Appellant, vs. Mason and others, imp., Respondents.

*March 7 — March 27, 1888.*

*Equity: Cancellation of mortgage: Adequate remedy at law.*

1. In an action to cancel a mortgage which had been assigned to the defendants and which was a lien superior to any claim of the plaintiff, a complaint showing that the mortgage was valid when given, and not showing that it had been paid or anything which should preclude the defendants from purchasing it, is *held* not to state a cause of action.

2. Equity will not interfere where there is a complete and adequate remedy at law.

APPEAL from the Circuit Court for *Marquette* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an appeal from a judgment entered upon an order sustaining a demurrer to the amended complaint. The following are the facts alleged in the complaint: (1) That the plaintiff is the administrator of the estate of Robert McMillen, deceased, who died January, 1885. (2) That in September, 1865, Owen White died possessed of 160 acres of land (describing it); that he left a widow and two children (daughters); that he died testate, leaving a will by which he devised to his daughter Margaret Boyle one half of said land, the other half to his widow, Bridget White, during her life-time, with remainder in fee to his said daughter Margaret Boyle. (3) That afterwards, and on the 31st of December, 1874, Margaret Boyle and her husband, Daniel Boyle, and Bridget White, conveyed all the 160 acres of land, by warranty deed, to one R. C. Rockwood, and received back from said Rockwood a bond for a deed, conditioned to convey said land to Bridget White and Margaret Boyle on the payment of $400 and interest thereon

according to the terms of said bond, and the said Bridget White and Margaret Boyle agreed to pay said sum of $400 and the interest. (4) In August, 1879, Rockwood conveyed said land to one Cornelius O'Keefe, subject to said bond. (5) That after the conveyance to O'Keefe, and probably before the 21st of October, 1879 (the exact time is not stated in the complaint), in order to prevent the forfeiture of said bond, and at the request of Daniel Boyle and Margaret Boyle, his wife, Robert McMillen procured the money to pay the sum due on said bond, as follows: $300 from one Robert Mitchell, $150 from one Ernest Bothin, and $55 he furnished of his own money. This $505 was due on said bond, and was all paid to said O'Keefe, and thereupon said O'Keefe conveyed said land to Daniel Boyle and Margaret Boyle, his wife. That, to secure the payment of the $300 furnished by the said Robert Mitchell, a mortgage was given upon said lands by Daniel Boyle and Margaret Boyle. To secure the payment of the $150 furnished by Ernest Bothin, Robert McMillen and Daniel Boyle gave their joint promissory note. For the money furnished by Robert McMillen, viz., $55, no security was given. (6) October 21, 1879, Daniel Boyle conveyed all his interest in the land to his wife, Margaret Boyle, and it is charged in the complaint that this conveyance was without consideration and was intended as a fraud upon the creditors of Daniel Boyle. (7) Afterwards, but at what particular time is not stated, Margaret Boyle died intestate, leaving her husband, Daniel Boyle, surviving her, and seven minor children as her heirs at law, and that Daniel Boyle was appointed her administrator.

Thus far the complaint shows this state of facts: The title to the whole 160 acres of land in Margaret Boyle at the time of her decease, subject to the mortgage of $300 given to Robert Mitchell, and her estate subject to the payment of the $55 advanced by Robert McMillen, at her request,

to pay off the old claim against the lands, and also subject to the payment of the $150 advanced by Bothin, and for which her husband and Robert McMillen had given their joint note.

The complaint further shows that for the $55 advanced by McMillen he presented a claim against the estate of Margaret Boyle, deceased, which was finally allowed against said estate. After the death of Margaret Boyle, Robert McMillen was compelled to pay the $150 to Bothin, and after paying it he commenced an action against Daniel Boyle and the heirs of Margaret Boyle, deceased, to recover the amount of said $150, and the interest thereon. After the commencement of this last action, Robert McMillen died, and the plaintiff in this action, as administrator of said Robert McMillen, was substituted as plaintiff in said action against Daniel Boyle and the heirs of said Margaret Boyle, and it is alleged in the complaint that in such action this plaintiff recovered a judgment against Daniel Boyle and the heirs of the said Margaret Boyle, for the sum of $329 damages and costs, and that by the same judgment the court set aside the deed from the defendant Daniel Boyle to his wife, Margaret Boyle.

The complaint then goes on to allege, in a general way, that *Patrick Mason* and *Mary Mason*, his wife (who was the other daughter of Owen White), intending to cheat and defraud Robert McMillen out of the money advanced by him to pay said bond and prevent its forfeiture, and to defraud Daniel Boyle and the heirs of said Margaret Boyle, deceased, out of their interest in said real estate, procured the removal of Daniel Boyle, as the administrator of the estate of Margaret Boyle, and procured the proper court to appoint *Morgan Riley* in his place. It then charges that said *Masons* and *Morgan Riley*, combining to defraud said McMillen out of his just claims against said estate, fraudulently procured the allowance of certain pretended claims

against said estate, especially one for the sum of $25, and then made applications to the court to direct a sale of the estate of said Margaret Boyle to pay such illegal and unjust claims; alleges that the said *Masons* and *Riley* wrongfully procured from the county court an order to sell said real estate, and that *Morgan Riley*, pretending to act under said order, pretended to sell an undivided half of said real estate to the defendants *Patrick* and *Mary Mason* for the sum of $500, and executed a deed to them therefor; that such deed has never been recorded, and that the defendants the *Masons* have paid no consideration therefor.

The complaint then alleges that *Patrick* and *Mary Mason* have wrongfully procured Robert Mitchell to assign said $300 mortgage to them, and that afterwards they procured Bridget White, the widow of said Owen White, to make a deed of an undivided half of said lands to the said *Mary Mason*, and that said *Mary Mason* and *Patrick Mason* are now in possession of said lands belonging to the estate of Margaret Boyle, and have been in such possession thereof for more than two years last past, claiming to own the same in fee; and further alleges that by reason of the wrongful conduct of said *Masons* and *Morgan Riley*, the plaintiff is unable to collect his debts against the estate of Margaret Boyle and said heirs, and prays judgment — *First*, that the pretended administrator's sale and the deed made by *Riley* be declared null and void; *second*, that the court construe the will of said Owen White and the acts of said parties hereto in relation to the other undivided half of said lands, and determine therefrom what, if any, interest the said defendants *Patrick* and *Mary Mason* acquired in said lands by virtue of the deed from Bridget White to the said *Mary Mason; third*, that the court order the $300 mortgage given by Mitchell, and by him assigned to *Mary Mason*, to be delivered up and canceled of record, and determine what, if any, interest the defendants *Patrick* and *Mary Mason* have

in the purchase money for said mortgage as against the said plaintiff; *fourth*, and that the undivided half of said premises be sold under the order of this court, and out of the proceeds thereof the costs of this action and sale be first paid, and the judgment of this plaintiff, and the residue, if any, be distributed as the equities of the defendants may appear.

To this complaint the defendants demurred, upon the following grounds: (1) that the court had no jurisdiction of the subject of the action; (2) that there was a defect of parties defendant; (3) that there was another action pending; (4) that several causes of action were improperly joined; (5) that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the demurrer to the amended complaint, and ordered judgment in favor of the defendants, dismissing the complaint with costs. The plaintiff appeals.

*H. W. Lee*, for the appellant.

For the respondents *Mary Mason* and *Patrick Mason* there was a brief by *G. J. Cox;* for the respondent *Riley*, a brief by *John Brickwell;* and the cause was argued orally by *Mr. Cox.*

TAYLOR, J. Upon a careful reading of the complaint, it is difficult to find any sufficient allegations in the complaint which would entitle the plaintiff to any relief from a court of equity. There is certainly nothing in the case made by the complaint which would justify the court in granting the relief prayed for as to the $300 mortgage. There are no allegations which tend to show that it ever has been paid, and nothing stated which could hinder the defendants the *Masons* from purchasing it. It was a lien on the premises to which all other claims against the estate of Daniel Boyle and Margaret Boyle are subject, and superior to any claim of the plaintiff against said estate. Admitting that the $300 and the $150 and $55 were all advanced to redeem

the land from the claim of O'Keefe, there can be no priority of the claim over the mortgage, especially in the absence of any allegation that there was an agreement made between the parties that all the money so advanced should be equally a lien upon the lands redeemed. The complaint is entirely silent as to any such agreement, and simply alleges that after the money was furnished a mortgage was given to secure the payment of the $300. There is not enough in the complaint to show that the plaintiff was entitled to a lien on the land for either the $150 advanced by Bothin or for the $55 advanced by himself. There is certainly nothing stated in the complaint showing any necessity for the construction of the will of White, and if there was anything stated which would make a construction of the will a proper relief it would seem that the widow White should have been made a party defendant.

Taking all the allegations together, they do not call for the interference of a court of equity.

The plaintiff shows that his claim for the $55 and interest has been allowed against the estate of Margaret Boyle, and that the estate is ample to pay the claim. His remedy is clear in the county court. He can compel the administrator to pay the debt out of the estate which has come to his hands, if there was sufficient personal estate for that purpose, or from the proceeds of the sale of the real estate, if the same has in fact been lawfully sold, and if it has not he could procure an order from the county court for the sale of the real estate to pay the debt, unless he has lost that right by delay.

As to the claim for the $150 and interest, if his complaint be true, he has a judgment which not only subjects to sale thereon all the interest Daniel Boyle has in the 160 acres of land, but also all the interest the heirs of said Margaret Boyle have in said lands; and, so far as the sufficiency of the complaint is concerned, we must judge of it by what is

alleged therein. We remark that as to the nature of the judgment obtained for the $150 there is not enough stated in the complaint to show very clearly what it is, nor upon what grounds he was able to and did sustain his action against Daniel Boyle and the heirs at law of Margaret Boyle, deceased, and we only decide in this case that if the general allegations of the complaint are true in regard to this judgment, then plaintiff does not need the aid of a court of equity to enforce it. We think the demurrer was properly sustained.

*By the Court.*— The judgment of the circuit court is affirmed.