JAMES A. WESTON v. JAMES M. LANE.

QUO WARRANTO—*Title to Office — Qualifications.* W. entered into a contract with the school district in which he resided to erect a school house, and when the contract was only partially performed, he was elected as a member of the district board, and then demanded from his predecessor the possession of the office, which was refused. He brought an action of *quo warranto* to obtain possession of the office, alleging his election and qualification, the contract relation which he sustained toward the district, and that he had continued in the per-

formance of the contract since his election, and proposed to complete it. Upon a demurrer to his petition, it is *held*, that, as the law prohibits a member of a school board from contracting or performing any work, and from furnishing any materials used in such work, which is under the supervision, direction or control of such officer, the court, in the exercise of its discretion, will refuse to him the extraordinary remedy of *quo warranto* to invest him with the office he seeks.

*Original Proceedings in Quo Warranto.*

THE opinion, filed on January 5, 1889, states the case.

*W. J. Gregg,* and *John A. Broughten,* for plaintiff.
*John V. Coon,* for defendant.

The opinion of the court was delivered by

JOHNSTON, J.: James A. Weston brought an action in this court on August 21, 1888, against James M. Lane, to determine the right between them to the office of clerk of School District No. 35, of Marshall county, Kansas. Prior to June 28, 1888, James M. Lane had been duly elected to the office, and until then was legally holding the same. On the day last mentioned the annual school meeting occurred, when a successor of Lane was to be chosen, and an election was then held for that purpose, at which 173 votes were cast. The result was canvassed, showing that Weston received 101 votes, and Lane 72 votes, and the chairman of the meeting declared that Weston had received a majority of 29 votes and was duly elected to the office. He qualified at once, as the law requires, and demanded the office from Lane; but Lane refused to surrender the same or to deliver the records of the office to Weston. The grounds upon which the demand was refused are that on June 14, 1888, Weston and one Morton entered into a contract with the school board to erect an addition to the public school building of the district, at an agreed price of $4,310. At the same time they entered into a bond in the penal sum of $5,000 for the faithful performance of their contract, which was duly approved by the district board. The plaintiff and his partner then proceeded with the contract,

and had only partially completed the structure which they had contracted to build when the election occurred. It is admitted by the plaintiff that since the election he has continued in the performance of the contract, has received payments on estimates of work done, and proposes to proceed under the contract until its completion. Under these facts, is the plaintiff entitled to a judgment investing him with the office?

The legislature has provided that —

"All officers holding and exercising any office of trust or profit, under and by virtue of any law of the state, be and they are hereby prohibited from taking any contract, or performing or doing, or having performed or done for their own profit, any work in and about the office holden by them, or in or about any work over which they have in whole or in part the supervision, direction or control, and from furnishing any materials used in any such work." (Comp. Laws of 1885, ch. 31, §334.)

This provision directly forbids a member of the school board from entering into or carrying out a contract with the district, such as the one in question. It is true, as the plaintiff contends, that the contract relation which he sustained toward the district did not render him ineligible for election to the office. The contract was a lawful one when entered into; and there is no law prohibiting the election of one who sustains such a relation to an office. It is enacted that any person possessing the qualifications of an elector may be chosen a member of the district board. When the plaintiff was elected he might have transferred his interest under the contract to another and have severed the contract relations which existed between him and the district. The voters of the district had a right to assume that he would do so; and if this had been done he would have been entitled to the possession of the office and to the remedy which he now seeks. Instead of doing this, however, he insists upon occupying the incompatible positions of clerk and contractor. He boldly declares in his petition that he proposes to complete the contract which he has entered into, and at the same time asks to be installed

31—40 KAS.

as one of the officers who are to supervise, control, and pay for the materials furnished and labor done under that contract. If he was invested with the office, and should proceed as he proposes, he would subject himself to removal and to punishment.

The court is invested with some discretion in granting this extraordinary remedy, and it would exercise its discretion unwisely to assist the plaintiff in violating the law as he proposes. It would also be idle to clothe him with an office from which he would be at once subject to removal, and when the performance of its duties would lay him liable to prosecution and to punishment. Judgment must therefore be given in favor of the defendant.

All the Justices concurring.