GEORGE W. HARDY *et al.* v. THE FIRST NATIONAL BANK
OF NEWTON.

CONTRACT — *Rescission* — *Cancellation of Notes* — *Injunction.* In an ac-
tion to rescind a contract for the purchase of real estate, the cancel-
lation of the notes given in payment of such purchase, and to restrain
the purchaser of said notes from collecting the same, all of the parties
interested in the transaction should be made parties to the action,
either as plaintiffs or defendants; and *held,* that an injunction should
not be granted to restrain the purchaser of such notes from collect-
ing the same, if it appeared from the petition of the plaintiffs that
they had a plain and adequate remedy at law.

### Error from Harvey District Court.

THE opinion states the facts. Judgment for the defendant
*Bank,* at the September term, 1888. The plaintiffs, *Hardy*
and others, bring the case to this court.

*Jas. McKinstry,* and *Bowman & Bucher,* for plaintiffs in
error.

*Brown & Kline,* for defendant in error.

Opinion by GREEN, C.: The plaintiffs in error, with W.
K. F. Vila, originally brought this action against S. Lehman,
A. B. Gilbert, and the First National Bank of Newton, in the
district court of Harvey county. The plaintiffs alleged various
fraudulent acts upon the part of the defendants Lehman and
Gilbert, and others, whereby they were induced to associate
themselves with the defendants named, and others, in the pur-
chase of some real estate, to be platted as an addition to the
city of Newton; that a corporation was organized, under the
name of the "Harvey County Investment Company," and
certain land purchased and conveyed to said company; that
each member of the association paid in cash the sum of $1,000,
except Vila, who paid his entire share in cash, amounting to
$2,800. The other members of the association executed notes
for the balance of the unpaid interest in said company, and
these notes, with the cash paid in, were used to pay for the

land purchased.  It was further alleged that these notes were delivered to Lehman and Gilbert, who occupied the position of president and secretary, respectively, of the investment company; and that they sold them to the First National Bank, of which Lehman was president, and Gilbert was cashier, and the bank had knowledge of the alleged fraudulent transactions; that the bank had brought suit against the plaintiffs as makers of some of the notes, and was proceeding to collect the same. The plaintiffs asked for a judgment against Lehman and Gilbert for $8,800, and for a rescission of the contract of purchase of the land, and that the bank be enjoined from collecting the notes sued upon until the final determination of this action, and, if the plaintiffs should recover in this suit, that the injunction be made perpetual.  To this petition the bank demurred, and the demurrer was sustained by the court upon the grounds that there was a misjoinder of different causes of action, a defect of parties plaintiff and defendant, and that the petition did not state facts sufficient to constitute a cause of action against the bank.   One of the plaintiffs, Vila, then voluntarily dismissed his action as to all the defendants, and the other plaintiffs dismissed their action as to the defendants Lehman and Gilbert, leaving the First National Bank the only defendant; and the record is brought to this court by the plaintiffs in error, who ask a reversal of the decision of the district court in sustaining the demurrer of the bank to the petition.

We think the demurrer was properly sustained.   A rescission of the original contract for the purchase of the land was asked, and all the parties interested should have been joined as plaintiffs or defendants.   The corporation was not even made a party.   Again, we are of the opinion that, if the bank had notice through its president and cashier of the alleged frauds, as plaintiffs contend, then the plaintiffs would have a good defense against the two notes sued on, which suit was attempted to be enjoined by this action.

We might assign another reason why the decision of the district court should not be disturbed : The plaintiffs voluntarily dismissed their action against all of the defendants, ex-

cept the bank. They were seeking a judgment against the other defendants, and asked the court to restrain the bank from collecting its notes until the alleged claims of the plaintiffs against these defendants could be adjudicated. They then placed it beyond the power of the court to settle the question sought to be litigated, by dismissing the principal defendants, but still insist that the bank should be restrained from prosecuting its action against them. We know of no rule which requires such an interposition upon the part of a court of equity. Legal rights should be left to the decision of a legal forum, and, in the absence of special circumstances warranting the interposition of the extraordinary aid of courts of equity, such courts will not interfere to protect a purely legal right properly triable at law. (High, Inj., § 29; *Wooden v. Wooden*, 2 Green Ch. 429.)

We recommend an affirmance of the judgment of the court below.

By the Court: It is so ordered.

All the Justices concurring.