THE STATE OF KANSAS, *ex rel.* S. J. DAY, *County Attorney,*
v. A. J. BUCKLAND.

1. TITLE TO OFFICE, *Prima Facie Evidence of.*  A certificate of election
issued to a justice of the peace upon a legal canvass of the votes of the
election, regular in form, and signed by the proper authority, consti-
tutes *prima facie* evidence of title to the said office in the person therein
named.

2. —————— A person cannot avoid the effect of the decision of a board of
canvassers by simply holding on to the office of justice of the peace, and
claiming that the decision of the canvassers is erroneous.

3. QUO WARRANTO; *No Defense.*  At the general election in November,⸝1877,
the same being the time appointed by law for the election of justices of
the peace, B., then legally holding such office in Great Bend township,
Barton county, and one G., were rival candidates for justice of the peace
of said township.  After the election, the official board of canvassers of
Barton county duly canvassed the votes, and declared G. elected as
the successor of B., and forthwith issued to him a certificate of ⸝election
to said office of justice of the peace, which certificate is in due⸝form,
and G., within the time prescribed by law, duly qualified, and entered
upon the exercise of the duties and rights of the office.  B. at once in-
stituted a contest against G. for the office over the election, which is
pending and undetermined.  *Held,* That the pendency of such contest
between B., as contestor, and G., as contestee, is no defense in an action
in the nature· of *quo warranto,* brought by the state against B. to oust
him from said office.

## Original Proceedings in Quo Warranto.

ORIGINAL proceeding in the nature of *quo warranto,* to
determine by what authority *A. J. Buckland* attempts to
hold the office of justice of the peace of Great Bend town-
ship, in Barton county.  The following is the statement of
facts as agreed to by counsel :

*First :* That on the 30th day of December, 1876, the de-
fendant, A. J. Buckland, was duly appointed by the gov-
ernor· of the state of Kansas, and commissioned as a justice
of the peace in and for Great Bend township, Barton county,
Kansas; that he duly qualified and filed his official bond,
and thereby came duly and legally into possession of the said
office of justice of the peace, with the books, dockets and
files thereto, and has ever since retained possession of the

same, and has continued from that time to the present to act as such justice of the peace.

*Second:* That at the general election in November, 1877, the same being the time appointed by law for the election of justices of the peace, this said defendant, A. J. Buckland, and one C. Goit, were each candidates for said office; that the official board of canvassers of said county, to wit, the board of county commissioners of Barton county, after duly canvassing the votes cast, declared C. Goit duly elected to said office, and forthwith issued to him a certificate of election, which said certificate of election is in due form and in accordance with the provisions of the.statutes of this state.

. *Third:* That the said C. Goit, within the time prescribed by law, filed with the proper officer his official bond and oath of office, demanded of the said defendant the immediate possession of all books, dockets, papers and files appertaining to said office of justice of the peace of Great Bend township, Barton county, Kansas; and notwithstanding the refusal of the defendant to surrender the same, said C. Goit obtained a new blank book or docket from the township trustee, and commenced to act as a justice of the peace of Great Bend township, and has acted in such capacity from that time to the present; that Great Bend township is entitled to only two justices of the peace, and at the time said Goit commenced to act as a justice of the peace of Great Bend township, W. H. Odell, who was duly elected and qualified, was acting as one of the justices, and the said defendant, A. J. Buckland, was acting as one of the justices of said township.

*Fourth:* That the said defendant, A. J. Buckland, upon the declaration of the said board of canvassers, did institute his contest suit before said board of canvassers against the said C. Goit; that afterward said cause of contest was heard upon motion of C. Goit to dismiss the same upon four several grounds; and said board of canvassers sitting as a contest court pursuant to notice to contestor and contestee, sustained the motion upon two of the grounds mentioned in said motion; and the contestor, A. J. Buckland, excepting to the same, gave notice of appeal by petition in error to the district court, and duly filed the same in district court within the time prescribed by law; and said case coming on to be heard in the March term (being the ensuing term) of the district court, the same was heard on demurrer to the petition in error, the demurrer was sustained, and the case ordered dismissed for want of jurisdiction. Plaintiff in error, said A. J. Buckland, excepted, and filed

his case in the supreme court, and the same is now pending and undetermined in said supreme court of the state of Kansas.

*Fifth:* That said defendant, A. J. Buckland, has never filed any bond or oath of office since the said general election in November, 1877, as justice of the peace of said Great Bend township, Barton county, Kansas.

*Samuel J. Day,* county attorney of Barton county, *Willard Davis,* attorney general, and *Cole Bros.,* for The State.

*G. W. Nimocks,* and *Clayton & Clayton,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: It appears from the agreed statement of facts, that Buckland and Goit were each candidates at the general election in November, 1877, for the office of justice of the peace of Great Bend township; that the proper board of canvassers duly declared Goit elected to the office, and issued to him a certificate of election; that he filed his official bond and oath of office at the time and in the manner prescribed by law. This certificate of election, being regular in form, and signed by proper authority, and being issued upon a legal canvass of the votes of the election, constitutes *prima facie* evidence of title to the office in Goit, which can only be set aside by such proceedings for contesting the election as the law provides; and as he qualified as required by law, he is entitled to the office as against every other person laying claim thereto, until the result so declared is legally set aside. Buckland "cannot avoid the effect of the decision of the canvassers by simply holding on to the office, and claiming that the decision of the canvassers was erroneous, or that the electors who cast the votes were not legal electors, or that fraud was practiced which, when investigated, would show a different result. The law will not permit him, on the pretense of championing the losing party, to hold on to the office for his own benefit." (*The Supervisors v. O'Malley,* 46 Wis. 35; McCrary on Elections, § 204.)

Any other doctrine would be most pernicious in its results. Any evil-disposed person in office at an election might contest

the right of his successful rival, without any reason therefor, other than to protract the contest as long as possible, in order to deprive the holder of the certificate of a part of his term. The particular facts of the case of *The State v. Durkee*, 12 Kas. 308, to which we are referred, are not like the facts here; and hence that case is not applicable.

The mere pendency of the contest over the election brought by Buckland, as a contestor against Goit, as contestee, is no valid defense in this action; and as Buckland, under the agreed statement of facts, does not show himself entitled to the office in contention, it follows that he is wrongfully holding the office of justice of the peace, and therefore judgment will be rendered in favor of the state and against the defendant, as prayed for in plaintiff's petition. We deem it unnecessary to consider the motion filed for judgment on the pleadings, as the parties have agreed upon the facts, and hence no additional pleadings are requisite, or if needed they will be considered as made.

All the Justices concurring.