D. K. HORTON *et al.* v. E. WILDER *et al.*

1. CORPORATION—*Eligibility of Directors.* In all elections for directors of a corporation created by or existing under the laws of Kansas, at least three of those chosen by the stockholders must be citizens and residents of the state.

2. ELECTION—*Non-Resident Candidates.* At an annual meeting of stockholders of a Kansas corporation, 11 directors were to be chosen. Two factions of the stockholders were contending for the control of the corporation. One faction divided its cumulative votes among six non-resident candidates, and the other cast its cumulative vote for five non-resident candidates, each party casting a few votes for three residents and citizens of Kansas. The result of the ballot was that 11 non-residents received a very large majority of the votes cast. The chairman of the meeting decided and declared that, as the law required three members of the board to be residents and citizens of the state, the three citizens of Kansas voted for were duly elected as directors, and that of the other gentlemen voted for, the eight who received the highest number of votes cast were elected. The directors so declared elected duly qualified and entered upon the discharge of official duties. The three non-resident candidates who received a large majority of the votes cast, but had not been declared elected, brought a proceeding in *quo warranto* to obtain the possession of the offices held by the three resident directors. *Held,* That they could not maintain the proceeding, and were not entitled to the relief which they sought.

*Original Proceeding in Quo Warranto.*

THE material facts are stated in the opinion herein, filed March 5, 1892.

*Gleed & Gleed,* and *W. C. Campbell,* for plaintiffs.

*Rossington, Smith & Dallas,* for defendants.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding in the nature of *quo warranto,* brought by D. K. Horton, D. E. Parsons, and W. L. Frost, contesting the right of the defendants, E. Wilder, J. F. Scott, and D. L. Lakin, to the positions of directors in the San Diego Land & Town Company. In their petition

the plaintiffs substantially allege that the San Diego Land &
Town Company is a Kansas corporation, under the by-laws
of which 11 directors are to be chosen annually by the stock-
holders, and that the annual meeting of the corporation was
duly called and held in the city of Topeka, Kas., on April
25, 1891. It is alleged that the meeting was called to order
by the president, and upon examination it was found ·that
84,966 shares of stock were represented out of a total capital
stock of 89,998 shares. At the opening of the meeting the
president made the following statement:

"Before proceeding to a ballot in accordance with the vote,
it seems to me proper to state the law as I understand it gov-
erning the election of directors in a case such as the present.
This, as all matters pertaining to our corporation, is controlled
in the first instance by the laws of Kansas, and also by the
by-law of the corporation, adopted in accordance with the said
statute law. The by-laws of this company, clearly within the
authority and purview of the statutes of the commonwealth,
establish the number of directors of the San Diego Land &
Town Company at 11. We are also subject to the provisions
of ¶1190 of the General Statutes of Kansas, 1889, which pro-
vides that 'Every corporation created by or existing under the
laws of this state shall have at least three of its directors citi-
zens and residents of this state.' This provision is mandatory,
and cannot be contravened or controlled by the will of the cor-
poration, whether expressed in by-laws or otherwise. This
election is also conducted under the provisions of ¶1185 of
the General Statutes of Kansas, which provides for the cumu-
lative method of voting for directors and trustees of corpora-
tions."

The president proceeded:

"I think it my duty, therefore, for the information of all
stockholders, and in order that there may be no misapprehen-
sion on this point, to call attention to these provisions of law
requiring that at least three of our directors shall be citizens
and residents of the state of Kansas. And this should be
kept in mind in any action which the stockholders may choose
to take under ¶1185, providing for accumulative voting. It
is perhaps unnecessary to say that if the stockholders will
specify in their ballots the residences of the persons ·for whom

they cast their votes, such information will be of assistance to the officers of the meeting in the discharge of their duties."

The vote was taken by the cumulative method, and from the proceedings it is seen that the stockholders were divided into two parties, each seeking to control the election of officers and the management of the company. One party appears to have divided its cumulative vote among six directors, and the other to have cast the cumulative vote of that interest for five directors, each party casting a few votes for three residents and citizens of Kansas. The following is the result of the ballot:

| | | | |
|---|---|---|---|
| Benj. Kimball | 103,850 | H. S. Maffitt | 79,924 |
| J. C. Soley | 103,850 | D. K. Horton | 79,923 |
| B. P. Cheney | 84,000 | D. E. Parsons | 79,923 |
| Warren Sawyer | 82,928 | W. L. Frost | 78,493 |
| F. E. Peabody | 81,858 | E. Wilder | 16 |
| Dwight Braman | 79,926 | J. F. Scott | 6 |
| S. W. Richardson | 79,924 | D. L. Lakin | 6 |

The president then stated that the law required three members of the board to be residents and citizens of the state of Kansas, and as the only three Kansas gentlemen voted for were Messrs. E. Wilder, J. F. Scott, and D. L. Lakin, he declared them to be duly elected as directors of the corporation; and that, of the other gentlemen voted for, the eight who received the highest number of votes cast were Benj. Kimball, J. C. Soley, B. P. Cheney, Warren Sawyer, F. E. Peabody, Dwight Braman, S. W. Richardson, and H. S. Maffitt, and he declared that they were duly elected directors of the corporation. The stockholders voting for the plaintiffs protested against the declaration of the election, and immediately thereafter the directors so declared elected duly qualified by taking the oath of office. The plaintiffs bring this action, asking that Wilder, Scott and Lakin be adjudged to have no right to the offices of directors, that they be ousted therefrom, and that judgment be entered awarding the offices to plaintiffs, who claim that they were legally elected to the same.

The validity of the election of the eight persons who received the highest number of votes is not assailed in this proceeding. The theory of the action is, that not only were those

eight persons elected, but that the plaintiffs also were elected at the same time, there being eleven directors to be chosen. The plaintiffs were eligible to be elected, and each of them received a large majority of the votes cast, and almost as many as the eight directors whose election is not contested. If it were not for the statute requiring that a certain number of directors of every corporation created and existing under the laws of the state shall be residents and citizens of the state, no question could arise as to the election of plaintiffs or to their right to the offices; but a judgment awarding them the places they seek, if given at all, must be entered in violation of a positive statutory enactment. The provision referred to was enacted in 1874, and the portion which relates directly to this subject is as follows:

"Every corporation created by or existing under the laws of this state shall have and keep a general office for the transaction of business, and shall keep such office within this state, and shall have at least three of its directors citizens and residents of this state," etc. (Gen. Stat. of 1889, ¶ 1190.)

The pleadings of the plaintiffs disclose that only 11 directors are to be chosen, that eight of those chosen and installed are neither residents nor citizens of Kansas, and that the plaintiffs themselves are non-residents of the state. In the face of the statute quoted, the plaintiffs invoke the action of this court to install them as directors of the corporation, and thus make up the entire directorate of the corporation of persons who do not reside in Kansas, and are not citizens of the state. The statute is positive and mandatory, and its requirements cannot be overlooked. It forms a part of the law relating to the qualification and election of directors in private corporations, which stockholders must observe and the authorities should enforce. The legislature has declared in plain terms that Kansas corporations must keep their general offices, including their records and books, within the limits of the state, and that at least three directors of each corporation must be citizens and residents of the state which created it, and by virtue of whose laws it exists. The obvious purpose of the

15 — 48 KAS.

statute is, that the records and transactions of the corporation shall be accessible to the public for all proper purposes, and that some of its principal officers shall be within the jurisdiction and subject to the visitorial authorities of the state. The policy of the statute is salutary, and its validity is not attacked. The courts and their process should not and cannot be used to aid in defeating that policy, or to violate its requirements.

It has been said that "If, from a plaintiff's own statement or otherwise, the cause of action appears to arise *ex turpi causa*, or the transgression of a positive law of the state, there the court says he has no right to be assisted." (*Gerlach v. Skinner*, 34 Kas. 89.) In *Weston v. Lane*, 40 Kas. 479, the plaintiff, who had received a majority of the votes cast for the office of clerk of a school district, qualified, as the law requires, and demanded the office, but the incumbent refused to surrender the same, upon the ground that the plaintiff was under a contract with the district to erect a school-building, and was engaged in its performance, and that the statute forbids a member of a school board from entering into or carrying out any contract with the district over which the board has supervision or control. He brought a proceeding in *quo warranto*, and asked the court to aid him in obtaining the office. It was there held that, although the plaintiff was not ineligible for election, and although he received a majority of the votes cast, a performance of the duties of the office would be a transgression of the law which would subject him to removal and to punishment. It was remarked that "the court is vested with some discretion in granting this extraordinary remedy, and it would exercise its discretion unwisely to assist the plaintiff in violating the law as he proposes."

This authority applies to the case presented by the plaintiffs, and the fact that the opposite faction of stockholders was equally at fault in voting for non-residents does not aid the plaintiffs nor give them any better standing in this proceeding. Neither the resident nor the non-resident directors declared to have been elected are here asking affirmative relief,

as are the plaintiffs. The right of the non-resident directors to their offices is not before us for consideration. The plaintiffs, as has been stated, do not attempt to impeach their right, nor do they ask to set aside that election. If that question was before us, it is the opinion of the writer that the conduct of the election by both parties was such as to defeat its validity. The attention of all the stockholders present was called to the provision of statute which required the election of at least three Kansas directors; but in the struggle for supremacy between the factions this requirement of the statute was practically ignored. As the validity of the election, however, is not directly involved in this proceeding, the court does not decide as to the rights of parties other than the plaintiffs.

It is said that the advantage of cumulative voting will be greatly restricted by the election of two classes of directors, resident and non-resident. Cumulative voting is authorized by statute, and this provision, as well as that requiring a portion of the directors to be citizens and residents, must be construed together and effect given to both. There will be no difficulty except where non-resident directors are to be chosen; but where both resident and non-resident directors are to be voted for, that method of cumulative voting must be employed by which at least three residents and citizens shall be elected.

We think the plaintiffs are not entitled to the relief which they ask, and therefore the demurrer interposed to their petition will be sustained.

All the Justices concurring.