## A. W. LITTLE V. J. A. DAVIS.

### No. 16,475.

#### SYLLABUS BY THE COURT.

1. OFFICE AND OFFICERS — *Action to Try Title* — *Election of Remedies.* There are two remedies for trying the right to a township or county office. The first is the usual, ordinary remedy by contest under the provisions of section 2655 of the General Statutes of 1901; it is reasonably adequate for the purpose for which it is intended; it determines the right to the office. The second is by an action in *quo warranto*, which is an extraordinary remedy, controlled to a large extent by the discretion of the court.

2. QUO WARRANTO—*Judicial Discretion.* Plaintiff brought an action in *quo warranto* to oust the defendant from the office of coroner. In his petition it was alleged that he had first pursued the ordinary remedy by contest, until confronted by an adverse ruling of the contest court, when he dismissed his contest. *Held,* this court in its discretion will refuse to entertain the action, and the same is dismissed.

Original proceeding in *quo warranto.* Opinion filed October 9, 1909. Dismissed.

*John A. Hale, Henry E. Dean,* and *Richard J. Higgins,* for the plaintiff.

*T. A. Pollock,* for the defendant.

The opinion of the court was delivered by

PORTER, J.: This is an original proceeding in *quo warranto,* and the question involved arises upon a motion to dismiss.

At the general election in November, 1908, the plaintiff and the defendant were candidates against each other for the office of coroner of Wyandotte county. The official returns showed that the defendant had received twenty-five more votes than the plaintiff, and the canvassing board declared him duly elected. He received the certificate of election, and thereafter qual-

ified and entered upon the duties of the office. Within the time allowed by the statute the plaintiff instituted a contest under the provisions of section 2655 of the General Statutes of 1901. When the contest came on to be heard the plaintiff dismissed the same, and the contest court rendered a judgment against him for costs. The circumstances under which the contest was dismissed are stated in the plaintiff's petition as follow:

"And that when said court convened said plaintiff asked and demanded that the ballots counted for said election in the precincts in which he alleged in his statement of contest mistakes and errors had occurred be produced and used in evidence; and that said board, notwithstanding the statute in such cases made and provided, refused, upon a vote of two to one, the two democrats composing the said board voting against ordering said ballots to be produced or the reception of the same in evidence to support the claim of the said plaintiff herein, until said plaintiff should show *aliunde* said ballots that a recount of the same would show him to have been elected at said election. And the plaintiff, being unable to make such proof *aliunde* said ballots, dismissed his said cause."

On May 1, 1909, the plaintiff brought this action in *quo warranto,* asking that a recount of the ballots be had, that he be declared duly elected to the office, and that the defendant be ousted therefrom. The grounds relied upon here are the same as those upon which the contest was based, and, in substance, amount to the claim that at each of the voting precincts in the county there were several ballots counted for the defendant which were not cast for him and a number that were cast for the plaintiff which were not counted for him.

The defendant moves to dismiss on the theory that by commencing the contest and afterward dismissing the same the plaintiff lost his right to maintain this action. The sole question to be determined is whether the action should be dismissed.

The defendant contends that the doctrine of election

of remedies applies; that the plaintiff by commencing his contest elected his remedy and forever deprived himself of the right to maintain an action in *quo warranto*. On the other hand, it is urged that election of remedies has no application because the remedies themselves are not inconsistent.

In this connection the plaintiff makes the further contention that election of remedies does not apply, because at the time he instituted his contest his remedy by *quo warranto* had not accrued; that he had his remedy by contest when the canvassing board declared the defendant elected, but in order to avail himself of that remedy the statute required contest proceedings to be commenced within twenty days from the time the votes were canvassed, whereas an action in *quo warranto* would not lie until the defendant took the office, which was in January, 1909. To the last contention it is a sufficient answer to say that a party may be bound by his election of one remedy although the second remedy may not have accrued at the time he makes his election. For instance, he may have two inconsistent remedies, one sounding in tort and one on contract. His remedy by an action in tort may have accrued before he could maintain an action on the contract, for the reason that the contract had not matured. Yet, if by commencing his action in tort he assume a position inconsistent with the claims he afterward seeks to assert, he will be held bound by his election.

It is apparent, however, that the doctrine of election of remedies can not be applied in all its rigor in the present case because there is not that inconsistency between the two remedies which lies at the basis of the doctrine. (*Tarbox v. Sughrue*, 36 Kan. 225.) The case presents a situation in some respects like that which arose in the recent case of *Yeager v. Aikman*, *ante*, p. 656, an original proceeding in *quo warranto* to oust the defendant from the office of judge of the district court. In that case the plaintiff first insti-

tuted a contest before the state senate, the tribunal created by statute for the purpose of determining contested elections to the office of district judge, and because he failed to comply with an order of the contest court requiring him to state definitely the grounds of his contest the senate dismissed his case. He then brought an action in *quo warranto*. A motion to dismiss the action was sustained. The decision turned upon the proposition that the plaintiff had first invoked the jurisdiction created by statute for trying contested elections of district judges, and that the order dismissing his contest was analogous to sustaining a general demurrer and was a final determination of the contest on its merits. In this case the dismissal was made by the plaintiff as contestor, and not by the contest court. It is true that the dismissal was an involuntary one; it was made because the ruling of the contest court refusing to order the ballots produced rendered it impossible for the plaintiff to prove his case. But obviously the action terminated without a consideration of the merits, and although the dismissal did not in terms purport to be "without prejudice" it can not be held *res judicata*. (*Smith v. Auld,* 31 Kan. 262; *Mills v. Pettigrew,* 45 Kan. 573.)

We are satisfied, however, that this action should not be entertained, and that it must be dismissed. While the decision can not be rested upon the ground either of election of remedies or that the matters and things sought to be litigated are *res judicata,* some of the principles of both doctrines apply more or less forcibly to the situation in which the plaintiff finds himself. He had two remedies. It may be conceded that they are not inconsistent so as to make the commencement of one an irrevocable election. His first remedy was the ordinary, usual one where a rival candidate seeks to contest the validity of an election for a township or county office. It is reasonably adequate for the purpose for which it was intended; it deter-

mines the title to the office. It is true that where it is prolonged until after the term of office begins and his rival enters upon the office and refuses to vacate the contestor, even though successful in the contest, is obliged to prosecute *quo warranto* to oust the incumbent. (*Tarbox v. Sughrue*, 36 Kan. 225.) But in ordinary cases the remedy is reasonably adequate, and at all events the contestor is fully advised of the extent of the remedy at the time he invokes it. The other remedy, by *quo warranto*, has always been recognized as an extraordinary one. Under some statutes courts have held that an election contest is the exclusive remedy so far as the rights of the rival candidates are concerned, and others hold that it is the exclusive remedy for the purpose of questioning the legality of the votes cast at the election. (23 A. & E. Encycl. of L. 608, 609, and cases cited.) The contention of the defendant that under our statute the remedy by contest is exclusive, and that this court has no jurisdiction to entertain an action in *quo warranto* at the suit of a private party, can not be sustained. Original jurisdiction in *quo warranto* is conferred upon this court by the constitution (art. 3, § 3), and that jurisdiction is not limited to actions in which the state is a party. (*The State, ex rel., v. Buckland*, 23 Kan. 259; *Tarbox v. Sughrue, supra.*) But the action of *quo warranto* is controlled to a great extent by the discretion of the court. (*The State, ex rel., v. Wilson*, 30 Kan. 661; *Tarbox v. Sughrue, supra.*) In the Wilson case the court refused to grant the relief because the plaintiff had another plain and adequate remedy. In the Tarbox case it granted the relief because the plaintiff had no other adequate remedy.

It is obvious, however, that the court's discretion is not exhausted when it determines whether there is another adequate remedy. On the contrary, the question whether under all the facts and circumstances relief shall be granted rests in the judicial discretion. Be-

Little v. Davis.

fore the adoption of the code it was discretionary with the courts whether the writ of *quo warranto* should issue at the suit of a private party. This was the law from the time of the statute of Anne. (17 Enc. Pl. & Pr. 429, and cases cited.) Jurisdiction of the action which the code has substituted for the writ is to be determined by reference to the common-law rules. (*The State, ex rel., v. Wilson,* 30 Kan. 661.) In at least two cases this court has recognized the principle that the judicial discretion which controls the action is broad enough to determine whether under all the circumstances the relief shall be granted. In *Weston v. Lane,* 40 Kan. 479, the court refused to grant the relief because a judgment would have the effect in that case of clothing the plaintiff with an office from which he would be at once subject to removal for the reason that he was interested in a contract made with the school district. Again, in *Horton v. Wilder,* 48 Kan. 222, the remedy was denied for the reason that under all the circumstances it appeared that the plaintiffs were not entitled to the relief.

In the present case the plaintiff adopted the ordinary, usual remedy, and contested the election before the tribunal created by statute for contesting elections of township and county officers. He prosecuted that action until confronted by a ruling of the court which prevented him from procuring a judgment in his favor, and then dismissed his action. He now asks the court in its discretion to inquire into the right of the defendant to hold the office, setting up the same grounds for relief which he relied upon in the former action. It would be difficult to lay down a hard-and-fast rule which would control in all cases, because judicial discretion is not to be governed by inflexible rules of law.

"Discretion may be and is to a very great extent regulated by usage or by principles which courts have learned by experience will, when applied to the great majority of cases, best promote the ends of justice." (Platt v. Munroe, 34 Barb. [N. Y.] 291, 294.)

Where the plaintiff has pursued the usual remedy by contest, and dismisses the same because of an adverse ruling of the contest court, that circumstance should weigh heavily against him in an appeal to the discretion of the courts to entertain an action in *quo warranto*, and we have reached the conclusion, in this case, that the relief should not be granted. The action is, therefore dismissed.