WALTER E. MEYER, APPELLANT, v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, DANIEL UPTHEGROVE, F. W. GREEN, CARL F. G. MEYER, L. F. LOREE, WINSLOW S. PIERCE, CHARLES HAYDEN, PAUL ROSENTHAL, E. ROLAND HARRIMAN AND FRANK M. GOULD, RESPONDENTS.*

St. Louis Court of Appeals. Opinion filed February 7, 1928.

*Corpus Juris-Cyc. References: Corporations, 14aCJ, p. 67, n. 93; Evidence, 22CJ, p. 104, n. 80; p. 148, n. 67.

*Nagel & Kirby, Allen C. Orrick* and *E. P. Griffin* for appellant.

*Carter, Jones & Turney, A. H. Kiskaddon, George A. McNulty* and *James E. Garstang* for respondent, Railway Company, Upthegrove and Green.

NIPPER, J.—This suit was brought by appellant, Walter E. Meyer, against the respondents, for the purpose of having himself declared elected a member of the board of directors of the respondent St. Louis Southwestern Railway Company. The suit was instituted under the provisions of sections 9767, 9768, 9769 and 9770 of the Revised Statutes of Missouri, 1919. These sections provide in substance, that any person who considers himself aggrieved by an election or any proceeding concerning an election of directors or officers of any corporation, may apply to the circuit court for redress, and that when such application is made the court shall proceed to hear the case in a summary manner, and make such orders and grant such relief as the circumstances and justice of the case may require, and adjudge the costs according to equity.

On May 5, 1927, the annual meeting of the stockholders of the defendant St. Louis Southwestern Railway Company, for the election of directors, was held in the city of St. Louis. Pursuant to the provisions of the by-laws, the annual meeting of the stockholders was duly convened. There were nine directors to be elected for the ensuing year. Inspectors of election were chosen, and the election was held in the regular manner. The following is the result of the vote as cast:

| | |
|---|---|
| L. F. Loree | received 440,481½ votes |
| Winslow S. Pierce | received 440,481½ votes |
| Charles Hayden | received 440,481½ votes |
| Paul Rosenthal | received 440,481½ votes |
| E. Roland Harriman | received 440,481½ votes |
| Frank M. Gould | received 440,351½ votes |
| Walter E. Meyer | received 438,853½ votes |
| Daniel Upthegrove | received 7,687½ votes |
| F. W. Green | received 7,597½ votes |
| Carl F. G. Meyer | received 7,652½ votes |

Immediately after this vote was cast one of the stockholders of the defendant Railway Company called the attention of the meeting to the provisions of section 9752 of the Revised Statutes of Missouri, 1919, which provides that not less than three members of such board of directors shall be citizens and residents of the State. The first seven men above mentioned are nonresidents of Missouri. The other three, or the three receiving the smallest vote, are residents of Missouri. A motion was then made, seconded and carried, appellant voting against the same, that the six nonresidents receiving the highest number of votes be declared elected, together with the three resident candidates, thus making the board of directors consist of L. F. Loree, Winslow S. Pierce, Charles Hayden, Paul Rosenthal, E. Roland Harriman, Frank M. Gould, Daniel Upthegrove, F. W. Green, and Carl F. G. Meyer.

In this proceeding appellant seeks a number of remedies in the alternative. He first asks that he be seated as a director instead of F. W. Green, who received the smallest vote among the resident candidates. In case this is not done, he asks to be seated in the place of L. F. Loree, who it appears, is acting as a director of several other railroad corporations, and appellant insists that to permit him to act as a director in this instance would be in violation of certain provisions of the Interstate Commerce Act, which provides a penalty of fine and imprisonment for any person who shall act as a director of more than one carrier, unless authorized to do so by the Interstate Commerce Commission. Loree filed his application with the Interstate Commerce Commission, but up to this time no action has been taken on the application, nor has he attempted to act as a director of the respondent Railway Company, so far as the record

discloses. Appellant then asks that in case he be not seated in the place of Green or Loree, that a new election be held.

This case is ably presented by counsel for both appellant and respondents, but the diligence of counsel on both sides, as well as our own investigation, has brought our attention to only one case directly in point, that being the case of Horton v. Wilder, 48 Kan. 222. In that case, while it was a *quo warranto* proceeding, practically the same situation arose, and the same result was sought. Kansas has a statute similar to our own. At the meeting of the stockholders, their attention was called to this fact. There the court said: "The plaintiffs were eligible to be elected, and each of them received a large majority of the votes cast, and almost as many as the eight directors whose election is not contested. If it were not for the statute requiring that a certain number of directors of every corporation created and existing under the laws of the State shall be residents and citizens of the State, no question could arise as to the election of plaintiffs or their right to the offices; but a judgment awarding them the places they seek, if given at all, must be entered in violation of a positive statutory enactment."

In the instant case, only nine directors were to be elected. If the laws of Missouri were to be complied with, or any pretense at compliance therewith made, three of these directors must be resident citizens of this State. The statute has been amended since the institution of this proceeding, but this has no effect on the present case, and we see no reason why this court should declare appellant to be elected a director instead of Green, when to do so, would be a declaration in direct contravention of the law of Missouri. Appellant contends that the invalidity of his election should be a matter left to the State, to be determined in a prosecution or some direct proceeding, criminal in its nature, but this argument we do not think is sound.

It is also insisted that even though appellant be disqualified to hold office, the court should not declare some one who received a smaller vote to be elected, but should order a new election, and cases are cited which announce the rule that if a candidate is not elected, his competitor will not be declared elected unless the votes were cast with knowledge on the part of those voting, of his inability to take office. The stockholders of a corporation are presumed to know the provisions of the charter, by-laws, and general statutes, regulating such corporation, and appellant may not contend here that he should be seated because those who were voting for him, and voting for others at the election, did not know the law.

If respondent, Loree, attempts to enter upon the discharge of his duties as director, before his application has been approved by the Interstate Commerce Commission, his attempt to do so can no doubt be reached through the Federal courts, by and through a proper proceeding. There is nothing in this record to authorize or justify this

court in declaring appellant elected; nor is there anything in the proceedings to warrant us in ordering a new election for the election of directors. The trial court refused to grant appellant any relief, denied his application therefor, and dismissed the proceedings at the cost of appellant. We see no reason for disturbing the finding and judgment of the lower court, and such judgment is accordingly affirmed. *Daues, P. J.*, and *Becker, J.*, concur.

