In the Matter of the Application of MICHAEL McGRATH FOR A WRIT OF MANDAMUS AGAINST THE GREEN ISLAND WATER COMPANY.

THE PEOPLE OF THE STATE OF NEW YORK EX REL. MICHAEL McGRATH, APPELLANT, *v.* THE GREEN ISLAND WATER COMPANY, RESPONDENT.

*Water supply — rights of a party, supplied under a special contract for a limited supply, who subsequently increases the amount used and claims to come under the general rates — peremptory* mandamus, *not proper where the facts are in dispute.*

On an application for a peremptory writ of *mandamus,* requiring the Green Island Water Company to furnish the relator with water, it appeared that the relator had first received water into his house from the company through one faucet under a contract with it for five years at five dollars per year, made the 3d day of January, 1888. He subsequently put in another faucet for another family, and the company charged him ten dollars for both faucets. The relator tendered five dollars and fifty cents for the supply for one year, which the company refused to accept.

The claim of the relator was based upon a contract between the water company and the village of Green Island, to the effect that the rates to be charged by the company to consumers should not "exceed the present tariff charged in the city of Troy," which tariff for a whole house like that of the relator would not exceed five dollars and fifty cents.

*Held,* that as the contract for the first faucet at five dollars still continued in force, it governed the rights of the parties as to that faucet; and as there was no provision in the Troy schedule that, in such case, additional faucets should be supplied at the rate of fifty cents each, the relator was not entitled to the relief sought for.

That he was not at liberty to take advantage of his special contract so long as it was beneficial to him, and repudiate it whenever he found that the Troy schedule would be more to his advantage.

On an application for a peremptory writ of *mandamus* the legal right of the relator must be clear, and it must appear that there are no material facts in dispute between the parties.

APPEAL by the relator from an order entered, in the above-entitled matter, in the office of the clerk of the county of Albany on the 10th day of January, 1890, denying a motion made by the said Michael McGrath for a peremptory *mandamus* against the defendant, the Green Island Water Company, and directing that an alternative *mandamus* issue.

The relator is a resident of Green Island. He at first received water in his house from the company through one faucet under a contract with the respondent for five years at five dollars per year. Subsequently he adapted his house for two families and put in another faucet for the other family. Water was thereafter received through both faucets for about one year. The respondent charged him ten dollars for both faucets. The relator tendered five dollars and fifty cents for the supply for one year, which the respondent refused to accept.

The relator bases this motion upon a contract which had been made between the respondent and the village of Green Island, to the effect that the rates to be charged by the respondent to consumers should not " exceed the present tariff charged in the city of Troy," and he claimed that such tariff for a whole house like his would not exceed five dollars and fifty cents. The respondent does not deny the contract or the Troy rates, but claims that they do not apply to a house used for two families, nor supersede the special contract for five years. Pending this disagreement the respondent cut off the relator's whole supply of water.

*H. A. King,* for the appellant.

*R. A. Parmenter,* for the respondent.

LANDON, J.:

Chapter 737, Laws of 1873, as amended by chapter 422, Laws of 1885, under which the Green Island Water Company was incorporated, imposes upon the company the duty to supply the inhabitants of Green Island with pure and wholesome water at reasonable rates.

The contract between the authorities of the village of Green Island and the company, for the company to supply the village " and its inhabitants " with such water and at rates not to exceed those specified in the schedule forming part of the contract, and providing that the rates to consumers shall not exceed the present (1887) tariff charged in the city of Troy, was made for the benefit of consumers, and relator, as one of such consumers, could avail himself of it, or could make whatever special contract with the company they could agree upon. Whichever contract the relator adopted he could enforce, and performance being made or tendered upon his part would give him the right to the supply of water in accordance with its terms.

The respondent is a corporation, undertaking, in view of its franchises of a public character, and expressly charged with the duty, to perform a certain service to all who pay certain fees or rates therefor, and can, therefore, be compelled by *mandamus* to perform such service. (*People* v. *N. Y., L. E. and W. R. R. Co.*, 104 N. Y., 58; *People* v. *N. Y. C. and H. R. R. R. Co.*, 28 Hun, 543.)

When the character of the service charged upon the corporation is such as it would be competent for the legislature to intrust to municipal corporations and public officers, no reason is perceived why a *mandamus* will not lie at the suit of the party aggrieved in the same manner as it would in like case against such corporations or officers.

The relator must be destitute of any other adequate remedy. Still the courts will be slow to assume that he has any adequate remedy for the non-performance of a *quasi* official duty in his behalf, or for the deprivation of one of the necessaries of life. But his legal right must be clear. In this case the relator is entitled to the writ of peremptory *mandamus* if he has paid or tendered payment of the rates legally due; otherwise not.

It appears that in January, 1888, he made a contract with the respondent for the supply of water from a single faucet at the rate of five dollars per year for five years. His house was then occupied by one family only. Since then he has adapted it to two families, and put in an additional faucet for the second family, and he now claims the right to the supply for both families at the Troy rate of five dollars and fifty cents for the whole house, and refuses to pay more. We do not think this position tenable. For the contract exists as to the first faucet at five dollars, and so long as that contract remains it governs as to that. There is no provision in the Troy schedule that, in such case, additional faucets shall be supplied at the rate of fifty cents each. He cannot be permitted to take the benefit of his special contract so long as it most benefits him, and repudiate it when he finds that the Troy schedule would be more beneficial. The relator claims that he has tendered the respondent a bond to pay whatever rates the court may adjudge. But that is not full tender of present performance; it is a conditional tender and, therefore, does not give a clear present legal right. Suppose the county clerk is entitled to one dollar for recording a paper, and

the relator should tender fifty cents in money and a bond to pay the balance if the court should so adjudge. It would not be claimed that a *mandamus* would lie against the clerk to compel him to record the paper. This case does not differ in principle.

If, before the water had been cut off, the relator had brought his action to restrain the respondent from cutting it off, at the same time offering to pay whatever sum should be found due, such action, perhaps, would be well brought. The action would have for its object the settlement of a dispute, relief against injury pending the action, and provision for doing what equity requires. Such was *Sickles* v. *Manhattan Gas-Light Company* (64 How., 33 ; 66 id., 304). But an application for a peremptory writ of *mandamus* assumes that no material facts are in dispute. Both parties stand upon their legal rights. If the relator is clearly right, he succeeds ; otherwise he fails.

The order should be affirmed, with ten dollars costs.

LEARNED, P. J., concurred ; MAYHAM, J., taking no part.

Order affirmed, with ten dollars costs and disbursements.