THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD F. BRUSH, Respondent, *v.* THE NEW YORK SUBURBAN WATER COMPANY, Appellant.

*Mandamus — to compel a water company to furnish a citizen with pure water at reasonable rates — what allegations are sufficient to authorize the issue of an alternative writ of mandamus.*

A writ of mandamus will issue, on the relation of an inhabitant of a city, to compel a water company, having a contract with the city to supply the inhabitants thereof with pure water, to furnish the same at reasonable rates, and he is not obliged to first pay the charges of the water company and then seek redress for his grievances in an action at law.

To entitle the relator to an alternative writ it is sufficient that his petition allege that the water company failed to furnish the relator and other inhabitants of the city with pure water; that it charged exorbitant prices for the water furnished;

that instead of charging for the water according to the quantity consumed, it
fixed its charges according to the number of taps, faucets or openings in the
different buildings, and that it required payment of its water charges in
advance.

The manner in which the charge is computed by taps, faucets or openings and
the requirement of payment in advance are but details of the charge that the
water company refuses to furnish water on reasonable terms.

APPEAL by the defendant, The New York Suburban Water Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 9th day of November, 1898, upon the decision of the court, rendered after a trial at the Westchester Special Term, overruling the defendant's demurrer to the alternative writ of mandamus issued in the action.

*Abram J. Dittenhoefer* [*I. M. Dittenhoefer* with him on the brief], for the appellant.

*Roger M. Sherman*, for the respondent.

CULLEN, J.:

The appellant is a water company, incorporated under the general statute, and under a contract with the city of Mount Vernon to furnish a supply of water to the inhabitants of that city. The relator, an inhabitant of Mount Vernon, on a complaint that the appellant failed to furnish him and the other inhabitants of the city with pure water; that it charged exorbitant prices for the water furnished; that, instead of charging for the water according to the quantity consumed, it fixed its charges according to the number of taps, faucets or openings in the different buildings, and that it required payment of its water charges in advance, together with other grievances unnecessary to enumerate, obtained an alternative writ of mandamus directed to the appellant requiring it, among other things, to furnish the relator pure water at a reasonable rate, to be fixed according to the quantity consumed and not to be paid in advance, or to show cause before the court to the contrary. Under section 2076, Code of Civil Procedure, the appellant demurred to these grievances as insufficient to authorize the issue of the writ. From the judgment of the Special Term, overruling the demurrer, this appeal is taken.

PEOPLE ex rel. BRUSH v. N. Y. SUB. WATER CO. 415

App. Div.]        Second Department, March Term, 1899.

The section of the Code cited allows a demurrer only to a complete state of facts which state a separate grievance. The appellant claims that four grievances are recited : (1) Failure to furnish pure water ; (2) excessive charges for the water ; (3) that the charge is based on taps or openings instead of consumption, and (4) that payment is required in advance. In our judgment there are but two distinct grievances : (1) That the water is not pure, and (2) that the appellant refuses to furnish it on reasonable terms ; the charge, the way it is computed, and the requirement of its payment in advance, being but details of the second grievance. This view, however, makes but little difference in the disposition of the case.

The appellant's main contention is that the relator's remedy is by an action at law, and that a writ of mandamus will not issue to redress the grievances complained of. We think the authorities are to the contrary. In *Matter of McGrath* (56 Hun, 76) it was held that mandamus would issue to compel a water company to furnish water. It was there said by Justice Landon, citing *People v. N. Y., L. E. & W. R. R. Co.* (104 N. Y. 58) and *People v. N. Y. C. & H. R. R. R. Co.* (28 Hun, 543) : " The respondent is a corporation, undertaking, in view of its franchises of a public character, and expressly charged with the duty, to perform a certain service to all who pay certain fees or rates therefor, and can, therefore, be compelled by *mandamus* to perform such service." The undertaking or obligation of the appellant is to furnish pure water, and if it can be compelled by mandamus to furnish water at all, we do not see why it cannot equally be compelled by that writ to furnish pure water. The appellant's next claim is that the relator cannot be relieved from the payment of exorbitant charges in this proceeding, but he must pay the charges, whatever the appellant may fix, and seek redress by a suit at law to recover the excessive amounts exacted from him. We know no good reason for holding such a rule. In many cases where State Legislatures have sought to compel public corporations, such as carriers, water companies and the like, to render service for inadequate or ruinous prices or rates, the enforcement of the law prescribing such rates has been enjoined by the Federal courts, and the corporations have not been left to seek a remedy by suing the shipper or party receiving the service in an action at law for a reasonable compensation. We think the same

rule applies equally to both parties, the corporations and the consumers or shippers. If one party is entitled to have the infliction of the wrong prevented, and not be merely remitted to a suit for damages after the wrong has been committed, the other is equally so. There is no more difficulty in determining reasonable rates in a mandamus proceeding than in an equity action. The estimate of the water rate by taps or openings, as distinguished from consumption, may or may not be unreasonable. This will be determined by the evidence on the trial. The same is true of the requirement that the water rates should be paid in advance. If the computation of the water rates by openings should be held reasonable, then payment in advance would seem equally reasonable, because the amount the consumer is liable to pay is definitely ascertained and fixed. If, however, such method of fixing the water rates should be held unreasonable, then the provision that payment should be made in advance would also be unreasonable, for the amount of the consumer's liability would be undetermined. Still, in the latter case we think it plain that the appellant is not bound to sell water on credit, but may require a reasonable deposit to secure the payment of any bill the consumer may incur. However this may be, as already stated, these latter matters are not separate grievances, but only details or incidents of the refusal of the appellant to furnish water on reasonable terms. They, therefore, should not be dealt with as separate subjects.

The judgment appealed from should be affirmed, with costs, with leave to the appellant to withdraw his demurrer and file a return on payment of the costs of the demurrer and of this appeal.

All concurred.

Interlocutory judgment affirmed, with costs, with leave to appellant within twenty days to withdraw demurrer and file return on payment of the costs of the demurrer and of this appeal.