(51 Misc. Rep. 327.)

### In re REBECCHI.*

(Supreme Court, Special Term, New York County. August, 1906.)

1. CONSTITUTIONAL LAW—VESTED RIGHTS.

Under a statute permitting a gas company to organize by the consolidation of other gas companies and to issue its capital stock to the amount of the aggregate value of the property, franchises, and rights of the consolidated companies, it has no contract right to charge such a rate for gas as to pay in perpetuity a return on the original capitalization, without regard to a depreciation in value of the property.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Constitutional Law, §§ 380–387.]

2. MANDAMUS—PLEADING—DENIAL—NEGATIVE PREGNANT.

The answer to a petition for mandamus to a gas company to furnish gas at the statutory rate of 80 cents per 1,000 feet does not put in issue the allegation that it refuses to so do by the denial that it "refused to supply the petitioner with gas."

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, §§ 353, 354.]

Application by Dionegi Rebecchi for a writ of peremptory mandamus to the Consolidated Gas Company of New York. Writ granted.

Clarence J. Shearn, for the motion.

Sherman & Sterling (John A. Garver, of counsel), opposed.

GIEGERICH, J. The petitioner seeks a writ of peremptory mandamus to compel the respondent company to furnish him a supply of gas at the statutory rate of 80 cents per 1,000 cubic feet, alleging, among things, that the respondent company has refused to furnish such supply at that rate and has threatened to discontinue service to the petitioner unless he pays the rate of $1 per 1,000 feet. That mandamus is a proper remedy in cases of this kind was said by the Appellate Division in Richman v. This Defendant (decided in June, 1906, but not yet officially reported) 100 N. Y. Supp. 81, citing Matter of McGrath, 56 Hun, 76, 9 N. Y. Supp. 168; People v. N. Y. C. & H. R. R. R,. 28 Hun, 543; People v. N. Y., L. E. & W. R. R., 104 N. Y. 58, 9 N. E. 856, 58 Am. Rep. 484.

The serious question is whether the mandamus to issue should be peremptory or alternative; it being conceded that, if any substantial issue of fact is raised by the opposing papers, a peremptory mandamus would be unwarranted. The principal contention on this point made by the respondent company is that the price of 80 cents per 1,000 feet is insufficient to afford its stockholders a reasonable income upon their

*For opinion on motion for reargument, see 100 N. Y. Supp. 513.

property, and that the statute is therefore unconstitutional and void, in that it deprives them of their property without compensation or due process of law. The portion of the answer which is claimed to present this issue of fact is designated as a second defense, and alleges that the respondent was duly organized in 1884 by the consolidation of various gas companies, pursuant to the statute, which permitted it to issue its capital stock up to the amount of the fair aggregate value of the property, franchises, and rights of the several companies thus consolidated, and that the capital stock which was then issued, amounting to $37,775,000, did not exceed such aggregate value, and that the permission to issue such amount of stock constituted a contract between the respondent company and the state of New York, permitting the respondent company to maintain such amount of stock outstanding "and to earn a reasonable return thereon." The answer then goes on to allege in another paragraph that in order to enable the respondent company to carry on its business it is necessary for it to charge a price for gas sufficient to cover the cost of manufacturing and distributing gas and a reasonable allowance charged to offset depreciation in value of its plant, and to meet the cost of such changes in machinery as may be necessary and to make good the loss occasioned by necessary abandonment of portions of its plant, and, in addition thereto, a reasonable profit on the fair value of the property owned and used by it in its business. It then proceeds in the third paragraph to allege that if compelled to supply gas for the price of 80 cents per 1,000 feet, as fixed by statute, "it will be unable to earn the amounts hereinbefore referred to which it is entitled to earn from the sale of its said product, and the obligation of its said contract with the state of New York will be impaired," etc.

As I construe this defense, taken as a whole, the company does not allege that the 80-cent rate permitted by statute will not enable it to earn enough to cover all the amounts referred to in the second paragraph, to wit, the cost of manufacture and distribution, a reasonable allowance to offset depreciation, cost of changes in machinery and to make good the loss arising from abandonment of portions of its plant, and a reasonable profit on the fair value of the property owned and used by it in its business, but that such rate is not enough to cover the amounts just enumerated, together with a return on the original capitalization, which it apparently claims the right to pay in perpetuity under contract with the state, although the value of the property then in existence, and even of that property and the franchises and rights all combined, may have depreciated very materially since 1884. By alleging a contract right and by basing its allegations of fact in part upon such alleged right, the respondent, in my view of the law, fails to present any question of fact. I hold against the contention that the respondent is entitled to charge such a rate as to pay in perpetuity a return upon an original capitalization which, so far as is alleged, may no longer be based upon either tangible or real value; its stockholders being entitled to a reasonable profit upon the actual value of the plant and property of the company (Richman v. Consolidated Gas Co. of N. Y., supra; San Diego Land & Town Co. v. Jasper, 189 U. S. 442, 23 Sup.

Ct. 571, 47 L. Ed. 892), but not on such value plus the amount of some former capitalization.

It is also argued that an issue is raised on the question whether or not the respondent company has refused to supply the petitioner with gas at the 80-cent rate; but, as I construe the opposing affidavit of Charles G. Smith, there is no denial of such a refusal, the language of the portion of that affidavit on the point under discussion affording an example of what is known in pleading as a negative pregnant. The second paragraph of the answer, designated as a first defense, denies that the respondent company "refused to supply the petitioner with gas." The petitioner does not allege that there was a refusal to furnish him gas. He alleges a refusal to furnish gas at the 80-cent rate, and such refusal the respondent does not deny that it made. Neither do I think there is any issue presented as to the sufficiency of the tender of payment made by the petitioner. My conclusion on the points so far discussed renders it unnecessary to consider the other arguments advanced in support of the petition.

Motion granted. The question of costs will be determined upon the settlement of the order and writ, of which let two days' notice be given.